Dan Stormer, Esq. [S.B. #101967]
Virginia Keeny, Esq. [S.B. #139568]
Radhika Sainaith [S.B. # 259318]
HADSELL STORMER KEENY
    RICHARDSON & RENICK LLP
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91103-3645
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Barrett S. Litt, Esq. [S.B. # 45527]
LITT, ESTUAR, HARRISON,
& KITSON, LLP
1055 Wilshire Blvd., Suite 1880
Los Angeles, CA 90017
Telephone: (213) 386-3114
Facsimile: (213) 380-4585

Richard P. Herman, Esq. [S.B. #53743]
Law Office of Richard P. Herman
5001 Birch Street
Newport Beach, California 92660
Telephone: (714) 547-8512
Facsimile: (714) 547-6975

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED PIERCE, TIMOTHY LEE CONN, MAX SANDERS, FERMIN VALENZUELA, LAURIE D. ELLERTSON, Individually, and as Class Representatives, and all those similarly situated,<br><br>         Plaintiffs,<br>   vs.<br><br>COUNTY OF ORANGE, a Governmental Entity; MICHAEL S. CARONA, Individually, and DOES 1 through 200, Inclusive,<br><br>         Defendants. | Case No: SACV01-00981-ABC (MLGx)<br><br>[Assigned to the Honorable Audrey B. Collins – Roybal Courtroom 680]<br><br>**REPLY TO DEFENDANTS COUNTY OF ORANGE'S MEMORANDUM OF POINTS AND AUTHORITIES RE COURT'S MARCH 24, 2010 MINUTE ORDER**<br><br>**Initial Trial Date:** February 9, 2010<br>**Resumed Trial:** March 23, 2010<br><br>Discovery Cut-off: June 4, 2009<br>Pre-Trial Conf.: August 24, 2009<br>Trial Date: February 9, 2010 |

## I. INTRODUCTION

Defendant's Memorandum of Points and Authorities Re Court's March 24, 2010 Minute Order ("Defendant's Brief"), utterly misses the point of this Court's March 24, 2010 Minute Order ("Order"). Defendant argues that because the Ninth Circuit was led astray by the factual record and Defendant's own witnesses, this Court must only consider physical barriers where disabled inmates are currently housed, may not consider *activities* offered at Theo Lacy and Musick, and that Plaintiffs waived their grievance and notice claims because "[t]heir Memorandum of Contentions of Fact and Law. . . fails to set forth or discuss these issues." Plaintiffs are simply asking this Court to hold Defendant to their obligations under *Pierce v. Orange County*, the Americans with Disabilities Act ("ADA") and the other pretrial documents filed in this case. Now, rather than citing to any authority, Defendant attempts to divert this Court's attention from the matter at hand by attacking the facts presented at both the first and second trials rather than addressing the legal issues this Court requested the parties brief in its Order. In doing so, Defendant fails to contradict the assertions Plaintiffs made in their Post-Trial Brief ("Plaintiffs' Brief).

Accordingly, this Court should find that the scope of issues remanded by the Ninth Circuit include: the state of physical barriers in all facilities which mobility and dexterity-impaired inmates should have access to and the programs, services and activities which mobility and dexterity-impaired inmates are given opportunities to benefit from and currently have access to, as well as those from which they are currently excluded. Moreover, this Court may, and should, order the limited integration of mobility and dexterity-impaired inmates into certain areas of Theo Lacy and Musick so that the Defendant is in compliance with the ADA's integration mandate, or, in the alternative, transport some mobility and dexterity-impaired inmates to these locations to ensure accessibility to the superior programs, services and activities offered there. This Court should also find that the Pretrial Conference Order ("PCO") includes Plaintiffs' claim of lack of notice and grievance procedure under the ADA and that certain testimony from

Michael Gibbens and Ron Bihner must be stricken from the record.

# I. LEGAL ANALYSIS

**A.   DEFENDANT'S ARGUMENTS WITH REGARDS TO THE SCOPE OF ISSUES REMANDED BY THE NINTH CIRCUIT ARE NOT SUPPORTED BY THE RECORD**

    **1.   This Court Must Order that Mod O of Theo Lacy, Certain Areas of Musick, the IRC and Wards C and D of the Men's Central Jail Be Fully ADA-Compliant With Regards to Physical Barriers**

As Plaintiffs stated in their Brief, nowhere in its opinion did the Ninth Circuit restrict fact finding on the state of barriers to certain facilities or facilities where mobility and dexterity-impaired inmates are housed at the time of trial. (Pltfs.' Br. at 1.) Defendants cite to no authority to support otherwise, but rather attempt to divert this Court's attention by arguing that the Ninth Circuit's finding that the presence of physical barriers violated the ADA was wrong because the County's own witness, Ron Bihner, was not an expert and incorrectly testified that "alleged barriers" violated the ADA. (Defts.' Br. at 3.) The purpose of the instant briefing is not to propose findings of facts, but the scope of issues remanded by the Ninth Circuit to the District Court along with other questions of law.[1] The scope of issues remanded by the Ninth Circuit include the "current state of physical barriers to adequate access showers, exercise areas, day rooms, dining rooms, cells and *all other areas* to which disabled persons should have access and order remedial remedies as required . . . ." *Pierce v. Orange County*, 526 F.3d 1190, 1226 (9th Cir. 2008) (*emphasis added*).

Areas which mobility and dexterity-impaired inmates should have access include

---

[1] Nonetheless, Defendants' suggestion that barriers Mr. Bihner testified to, did not in fact exist is silly: the overwhelming evidence, including testimony and photographs in the second trial demonstrate that the Orange County jails are still rife with physical barriers which violate the ADA.

Mod O of Theo Lacy (which currently houses inmates who use canes, crutches and walkers, but not the wheelchair-bound) and certain areas of Musick.  As Plaintiffs noted in their prior brief, the Ninth Circuit's decision with regards to main streaming is distinct from the relief Plaintiffs request this Court grant here–the limited integration of some areas of Musick and Theo Lacy in compliance with the ADA's "integration mandate." (Pltfs'. Br. at 3-8.)  Additionally, Module O of Theo Lacy was constructed in 2001, and thus is required to be in full compliance with ADAAG or UFAS Standards regardless of who is housed there. (Pltfs'. Br. at 21.)  The Intake Release Center (IRC), Musick, and the Men's Central Jail (MCJ), which were all constructed before January 26, 1992, but underwent substantial alterations after this date, and therefore should also have been brought into full compliance with the ADA. (Pltfs'. Br. at 21.)

**2.      The Only Way For Mobility and Dexterity-Impaired Inmates to Access Superior Programs, Services and Activities is by Some Form of Integration Into Theo Lacy and Musick or Their Transportation to These Facilities**

The Ninth Circuit ordered further fact finding with regards programs, services, and *activities*–not just programs and services–as Defendant's Brief suggests. *Pierce*, 526 F.3d at 1221; (Defts. Br. at 4-5.).  As Plaintiffs argued in their first brief, integrating to some degree mobility and dexterity-inmates into Theo Lacy and Musick, or, in the alternative, transporting these inmates there, is the only way to allow access to numerous activities (in addition to services and programs), which, by their nature, cannot be brought to the Men's Central Jail or IRC.

Defendant's attempt to divert the Court's attention with regards to this issue by making factual allegations unsupported by the record and arguing that the Ninth Circuit got it wrong, utterly fails.  Defendant's factual argument that IRC and MCJ offer "a far greater number of programs and services" than Musick and Theo Lacy, besides being outside the scope of the briefing this Court requested, is completely disingenuous, as it omits numerous outdoor activities that non-disabled inmates at Theo Lacy and Musick

have access to, such as the Green Sector, which offers a running track, volleyball court, and a baseball field with backstop and bleachers, as well as large grassy outdoor areas with picnic tables attached to the low-security dorms. Tr. 111:7-112:21 (Hopper); Exh. 4, p. 22 ; Tr. 113:11-114:20.

Moreover, there is absolutely no parity, rough or otherwise, between the programs, services and activities women inmates at Musick have access to, and mobility and dexterity-impaired female inmates who are housed in Sector K of the IRC. Not only are mobility and dexterity-impaired female inmates in Sector K not offered GED classes, Government, ESL, positive parenting, workforce preparation, food service, health classes, MOPS (Mothers of Pre-Schoolers), stained glass making and sewing classes that non-disabled women inmates at Musick have the opportunity to take, Musick, the one facility from which the disabled are barred, is the only facility which allows contact visiting, an activity of extreme importance to a mother (or father) of a young child. Tr. 580:3-582:11 (Boston); Tr. 474: 18-21 (Krueger).

Moreover, the Ninth Circuit was clear in its opinion that the District Court should conduct further fact finding with regards to programs, activities and services which "disabled inmates are given opportunities to benefit from" and "currently have access to." *Pierce*, 526 F.3d at 1223, 1226. The record is clear that Musick and Theo Lacy offer superior services in general. However, regardless of the number of programs, activities and services offered at these various facilities, the record is clear that mobility and dexterity-impaired inmates cannot actually access them: inmates at Mod O in Theo Lacy are only offered religious services and Bible Study, mobility and dexterity-impaired female inmates cannot access classrooms because they are up a flight of stairs at the IRC, and mobility and dexterity-impaired inmates in Ward C and Ward D of the MCJ are not offered classes at all. Tr. 686:8-11 (Bloom) Tr. 607: 2-5 (Conn); Exh. 45, pp 20-27. A "paper" list of classes is no substitute under the law for actual class offerings which disabled individuals can participate in through the provision of accessible classrooms.

B.     **PLAINTIFFS' NOTICE AND GRIEVANCE PROCEDURE CLAIMS HAVE NOT BEEN WAIVED BECAUSE THE PCO INCLUDES THESE CLAIMS**

Defendant argues that it assumed that Plaintiffs elected not to pursue the notice and grievance procedure claims remanded by the Ninth Circuit because the Pretrial Conference Order ("PCO") and Plaintiffs' Contentions of Fact and Law ("Contentions") did not discuss these facts, and thus "Defendant did not prepare to address these issues at trial." (Defts.' Br. at 10.) As explained in Plaintiffs' Brief, the PCO includes the claim of lack of notice and grievance procedure under the ADA and both Plaintiffs' Contentions and Trial Brief state that the Orange County Jails still do not have any procedure by which they inform all detainees and inmates of their rights under the ADA, as required by the referenced federal regulations. (Contentions ¶ 108-109; Tr. Br. at 19.)  Plaintiffs should not be punished for Defendant's failure to review these filings.

Should this Court find that the PCO does not include the notice and grievance procedure claims, Plaintiffs respectfully request that this Court allow Plaintiffs to modify the pretrial order pursuant to Local Rule 16-14.  Manifest justice would result should the Court deny such an application, as the evidence shows the County has not established any specialized procedure to inform inmates with disabilities of their rights under the ADA or provide them with a specialized grievance procedure to complain if they believe they are being denied an accommodation or access to facilities, services or programs. Depo. 58:2-64:9 (Peterson). The only written grievance form available to inmates is an "inmate message slip" form which does not mention inmates' rights under the ADA or what an inmate should do if he or she believes they are being denied an accommodation or access to services and programs. *Id*.

C.     **REQUEST TO STRIKE PORTIONS OF TESTIMONY OF RON BIHNER**

Interestingly, Defendant concedes that Ron Bihner is not qualified as an expert on questions of whether or not a particular barrier violates the Americans with Disabilities Act or whether a particular modification has remedied that violation.  (Defs. Brief at p. 3.)  Despite this, Defendant sought to elicit expert testimony from Mr. Bihner repeatedly

as to whether or not a particular architectural feature or piece of equipment complied with the ADA, the ADAAG or other implementing regulations. Such evidence must be stricken based on Plaintiff's brief and Defendant's current admission that he was not qualified to provide expert testimony.  Further, Defendant has stated in its post-trial brief that the only admissible expert testimony it has offered in opposition to plaintiffs' experts Hopper (and Robertson) is that found in Mr. Gibbens' report and testimony.  Given that Mr. Gibbens provided not a shred of testimony either in his report or his testimony at trial about any particular feature or architectural barrier, there is simply no admissible evidence before the court to counter any of Mr. Hopper's testimony about the barrier violations he observed in the Orange County Jails.

DATED: April 22, 2010           Respectfully submitted,

                            HADSELL STORMER KEENY
                              RICHARDSON & RENICK LLP


                      By   S/ - Virginia Keeny
                          Virginia Keeny
                          Attorneys for Plaintiff
                          FRED PIERCE