David D. Lawrence, Esq. [State Bar No. 123039]
E-Mail: dlawrence@lbaclaw.com
Christina M. Sprenger, Esq. [State Bar No. 205105]
E-Mail: csprenger@lbaclaw.com
Haiyang Allen Li, Esq. [State Bar No. 288063]
E-Mail: allenli@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI
A Professional Corporation
2677 North Main Street, Suite 370
Santa Ana, California 92705
Telephone No. (714) 479-0180
Facsimile No.  (714) 479-0181

Wendy J. Phillips, Sr. Deputy [State Bar No. 178452]
E-Mail: wendy.phillps@coco.ocgov.com
OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE
333 W. Santa Ana Blvd., Suite 407
P.O. Box 1379
Santa Ana, California 92702-1379
Telephone No. (714) 834-3300
Facsimile No.  (714) 834-2359

Attorneys for Defendant,
COUNTY OF ORANGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED PIERCE, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF ORANGE, et al. <br><br> Defendants. <br><br>―――――――――――――― <br> JERRY E. STEWART, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BRAD GATES, et al., <br><br> Defendants. | CASE NO. SACV 01-981 ABC(AJWx) <br> CONSOLIDATED WITH <br> CASE NO. CV 75-3075 ABC (AJWx) <br><br> **ORDER ON THE PARTIES' JOINT DISCOVERY STIPULATION AND PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF INMATE MEDICAL INFORMATION FOR USE IN THIS LITIGATION** <br><br><br><br><br><br><br> **MATTER FOR DETERMINATION BY THE HONORABLE ANDREW J. WISTRICH** |

1
[PROPOSED] ORDER ON JOINT STIPULATION AND PROTECTIVE ORDER

The Court having considered the parties' Joint Discovery Stipulation, received argument from counsel, and good cause having been found, IT IS HEREBY ORDERED THAT:

1. Pursuant to the terms of this Protective Order, Defendant County may obtain, rely upon, use, and disclose relevant inmate medical records and information to defend itself in this litigation without notice to, or consent or authorization (under HIPAA or any other statute) from the inmate. This Protective Order is not intended to be a waiver of any rights that an inmate may have regarding disclosure or use of protected health information which exceeds the scope of disclosure contemplated by this Protective Order.

2. Defendant shall provide a copy of relevant, relied upon, inmate medical records and information to Plaintiffs' counsel and the court-appointed Monitor(s). Plaintiffs' counsel and the court-appointed Monitor(s) may receive the relevant, relied upon, inmate medical information disclosed by the County without notice to, or authorization (under HIPAA or any other statute) from the inmate.

3. All use and disclosure of relevant inmate medical records and information in this litigation shall be governed by the terms of this Protective Order. Nothing in this Order shall prevent Plaintiffs' counsel or the court-appointed Monitor(s) from obtaining and/or using the entire unredacted medical file of any inmate who authorizes it under HIPAA. Any records relied upon by Plaintiffs' counsel shall be disclosed to defense counsel and are governed by the terms of this Protective Order. In addition, any records relied upon by Plaintiffs' counsel are deemed relevant medical information for purposes of this Protective Order and may be used by any party.

The parties stipulate and THE COURT FURTHER ORDERS THAT:

4. During the course of this litigation, the court-appointed Monitor has disclosed (often redacted) medical information regarding certain inmates, and has discussed the contents thereof with counsel. During this litigation, and in support of

their Motion To Extend Injunctive Relief, Plaintiffs' counsel has filed the Monitor's Quarterly Reports containing medical information regarding certain inmates. During this litigation, and in support of its Motion To Terminate Injunctive Relief (filed August 12, 2013), Defendant has relied upon medical information regarding certain inmates. Defendant's Motion To Terminate Injunctive Relief includes the Declaration of Dr. Chiang (filed under seal) which necessarily refers to and incorporates detailed medical information of certain inmates. The above-referenced medical information implicates HIPAA limitations on the scope of disclosure, as well as serious privacy concerns on behalf of the inmates referenced therein, and accordingly warrants protection against dissemination outside this litigation.

5. All inmate medical information disclosed during this litigation, including the Declaration of Dr. Chiang, and any attachments, appendices, addenda, exhibits or notations made thereto are "confidential material." When confidential material is produced by the County in the future, it shall be marked "CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER, SACV 01-981 ABC (AJWx)."

6. Confidential material shall be used solely in connection with the litigation of this case, Case No. SACV 01-981 ABC (AJWx) Consolidated with Case No. CV 75-3075 ABC (AJWx), or any related appellate proceeding, and not for any other purpose, including any other litigation.

7. Confidential material may not be disclosed except as provided in paragraph 8.

8. Confidential material may be disclosed only to the following persons:

   (a) Counsel for any party and any party to this litigation;

   (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

   (c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

  (d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

  (e) Any "in-house" expert designated by either party to testify at trial in this matter; and

  (f) The court-appointed Monitor and his staff.

 Nothing in paragraph 8 is intended to prevent officials or employees of the County of Orange or other authorized personnel from having access to the documents if they would have had access in the normal course of their job duties.

 9. Each person to whom disclosure is made, with the exception of those identified in paragraph 8 (who are presumed to know the contents of this Protective Order) shall, prior to the time of disclosure, be provided a copy of this Order by the person furnishing him/her such material, and shall agree on the record or in writing that he/she has read the Protective Order, and that he/she understands the provisions of the Protective Order. Such person also must consent in writing to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this Order, including without limitation, any proceeding for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation.

 10. Plaintiffs' counsel and the court-appointed Monitor(s) shall, without an authorization under HIPAA or any other statute, be provided with the relevant inmate medical records relied upon by Defendant in this litigation; this may be accomplished by Defendant redacting or removing non-relevant medical information from the records prior to disclosure. Defendant is not required to produce medical records unrelated to this litigation. Nothing in this Paragraph is intended to preclude Plaintiffs' counsel or the court-appointed Monitor(s) from challenging the extent of any redaction or any redacted or withheld documents, by obtaining either a Court Order or HIPAA authorization for the entirety of any

medical records at issue. As provided in Paragraph 3, nothing in this Paragraph or in this Order shall preclude Plaintiffs' counsel or the court-appointed Monitor(s) from obtaining, reviewing, and/or using the complete unredacted medical file of any inmate authorizing it under HIPAA or other applicable authority. Any records relied upon by Plaintiffs' counsel shall be disclosed to defense counsel and are governed by the terms of this Protective Order. Any records relied upon by Plaintiffs' counsel are deemed relevant medical information for purposes of this Protective Order and may be used by any party.

11. If any information and/or documents which are the subject of this Protective Order are presented to this court, or any other court in any manner, prior to the time of trial, said information and/or documents shall be lodged under seal in an envelope clearly marked as follows: "CONFIDENTIAL MATERIAL SUBJECT TO A PROTECTIVE ORDER, SACV 01-981 ABC (AJWx)."

12. At the conclusion of the trial and of any appeal, or upon termination of this litigation, all confidential material received under the provisions of this Order (including any copies made and/or any computer materials made or stored) shall upon request be tendered back to the County of Orange. Provisions of this Order insofar as they restrict the disclosure and use of the material shall be in effect until further order of this court.

13. The foregoing is without prejudice to the right of any party:

   (a) To apply to the court for a further Protective Order relating to confidential material or relating to discovery in this litigation;

   (b) To apply to the court for an order removing the confidential material designation from any documents; and

/ / /

/ / /

/ / /

/ / /

(c) To apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

**IT IS SO STIPULATED, AND RESPECTFULLY SUBMITTED.**

          HADSELL STORMER RICHARDSON & RENICK LLP

DATED: November 1, 2013    By  /s/ Cindy Pánuco
                                        CINDY PÁNUCO
                                        Attorney for Plaintiffs

          LAWRENCE BEACH ALLEN & CHOI, PC

DATED: November 1, 2013    By  /s/ Christina M. Sprenger
                                        DAVID D. LAWRENCE
                                        CHRISTINA M. SPRENGER[1]
                                        Attorneys for Defendant,
                                        COUNTY OF ORANGE

**IT IS SO ORDERED.**

          /s/ Andrew J. Wistrich

Dated: _11/4/13_____    _____
                                **HONORABLE ANDREW J. WISTRICH**

---

[1] I, Christina M. Sprenger, hereby attest that all the signatories listed, and on whose behalf the filing is submitted, concur in the content of this Stipulation and have authorized its filing.